IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

RALPH L. SAMPSON, JR.,

Defendant.

Criminal Action Number 3:06CR23

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Ralph L. Sampson, Jr.'s Motion to Dismiss Counts One and Two of the superseding indictment and his Motion for a Bill of Particulars for Count Three. For the reasons to follow, Defendant's Motion to Dismiss Counts One and Two is hereby DENIED. Defendant's Motion for a Bill of Particulars for Count Three is GRANTED.

### Motion to Dismiss

Count One of the superseding indictment charges Sampson with making a false declaration before a court, in violation of 18 U.S.C. § 1623. Count Two charges him with making a false claim on a financial affidavit before a court in violation of 18 U.S.C. § 287.

Defendant has filed the instant Motion to Dismiss Counts One and Two on the grounds that: 1) the indictment fails to establish venue in this district; and 2) the indictment fails to properly state offenses and invoke this Court's jurisdiction.

### 1)      Improper Venue

Defendant asserts the alleged false declarations were made solely before the Northern District of Georgia, Atlanta division, and therefore the Eastern District of Virginia is an improper venue to bring this case.  Specifically, in May 2005, Defendant was indicted in this district on child support charges. Defendant was arrested in Atlanta, and made an initial appearance in the Northern District of Georgia.  At his initial appearance, Defendant submitted a written affidavit to request a court-appointed attorney for his failure to pay child support charges pending in this district.  The financial affidavit stated Defendant had no income.  The Government contends that in making this statement, Defendant failed to disclose his expected income, and knew the statement was false.

The burden of proving that a crime occurred in the district where prosecuted is on the government. United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987).   The Constitution does not limit venue to a single district, however, and the defendant need not be present in the district in which the alleged crime took place. United States v. Newsom, 9 F.3d 337, 338 (4th Cir. 1993).  In order to determine the situs of a crime, this Court must first look to the statute proscribing the criminal act.  United States v. Kibler, 667 F.2d 452, 454 (4th Cir.1982).  If Congress has not provided venue in the statute, the situs of the crime must be determined from "the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cofield, 11 F.3d 413, 417 (4th Cir. 1993).

### a. Count One - False Declaration

The false declaration statute prohibits false statements "in any proceeding before or ancillary to any court or grand jury of the United States." 18 U.S.C. § 1623(a). The statute does not however, contain a venue provision. The Fourth Circuit has not yet addressed the issue of whether a prosecution under 18 U.S.C. § 1623 for allegedly false declarations in one district may be brought in a different district in which the parent proceeding is pending. To answer this question, this Court applies the Second Circuit's "substantial contacts" test used in United States v. Reed, 773 F.2d 477, 481 (2d Cir. 1985). In Reed, the Second Circuit held a defendant charged with making false statements during a deposition in violation of 18 U.S.C. § 1623 may be prosecuted in the district in which the false statements were made, or in the district of the parent proceeding. The Reed court considered the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact-finding. Id.

Applying the Reed court's rationale to the facts of this case suggests that venue for Sampson's false declaration prosecution appropriately lies in either the Northern District of Georgia, or the Eastern District of Virginia. While the financial affidavit on which Sampson allegedly made the false declaration was initially completed and presented in Georgia, Sampson's appearance was based on an arrest warrant for a criminal charge here, in the Eastern District of Virginia. The alleged false declaration had the result of affecting judicial proceedings in this district. Finally, this Court is well suited for accurate fact finding, as the declaration consists of statements made by Sampson, who is currently facing other charges in this Court. Accordingly, in applying the substantial contacts test, venue for Sampson's false declaration prosecution lies appropriately in the Eastern District of Virginia.

### b.     Count Two - False Claim

The Fourth Circuit has identified the acts constituting a false claim offense as the "making" and the "presentation" of a false claim to the government. United States v. Blecker, 657 F.2d 629, 632 (4th Cir. 1981). This circuit has recognized that the false claims statute "provides that any person who 'makes or presents'" false claims to the government is guilty of a crime, and thus venue lies to prosecute the violator of the statute in either the "district in which the claims were made or prepared," or "one in which they were presented to the government." Id. Defendant maintains that Blecker stands for the principle that false claims charges are triable exclusively in the district in which he prepared the claim and was initially presented to the government. However, Blecker also recognized that a false claim may be "presented" in more than one district. The court held that venue was proper in both the district where false claims were presented to an intermediary, and the district where the intermediary presented the claims to the government. Id. at 633.

Similarly, this circuit in United States v. Ebersole, held that venue was proper for false claims in the Eastern District of Virginia, as one of several districts "through which force propelled by [defendant] operated" as the claims proceeded through the necessary channels on their way to producing funds. 411 F.3d 517, 533 (4th Cir. 2005). In Ebersole, the false claims in the form of an invoice were initially presented to the Federal Emergency Management Agency in the Western District of Virginia and the final payment was authorized in New York. The Fourth Circuit found that venue was proper in the Eastern District of Virginia, because the false claim passed through two processing centers in the Eastern District of Virginia before arriving at its final destination in New York.

The financial affidavit in question was, as Defendant asserts completed and initially presented for processing in Atlanta, Georgia on May 13, 2005. On May 23, 2005, the Eastern District of Virginia received Defendant's Fed. R. Crim. P. 5(c)(3) initial appearance documents from the Northern District of Georgia. The documents included Defendant's financial affidavit on which he allegedly made the false claim. Based on the information in the financial affidavit, the Atlanta court appointed Sampson a federal public defender, and based on the same financial affidavit, this Court took the identical course of action by appointing Sampson a federal public defender. Two federal public defenders noted an appearance to represent Sampson in this Court on May 25, 2005. Despite his claims of an insufficient nexus of alleged criminal activity in Richmond, Sampson's alleged false claims were made in the Northern District of Georgia, and again, in the Eastern District of Virginia. Venue is proper in this Court on Count One, false declaration before a court and Count on Two, a false statement before a court.

### 2) Defective Indictment

Defendant further contends the Indictment should be dismissed because contrary to the Government's allegations, the financial affidavit was not initially submitted in the Eastern District of Virginia, but instead, during Defendant's initial appearance in Atlanta, Georgia on May 13, 2005.

Count One alleges that Sampson made material misstatements "under oath at an initial appearance in a case then being tried before the United States District Court for the Eastern District of Virginia." Defendant's arrest and his initial appearance in Atlanta, Georgia were on his failure to pay child support charges, currently scheduled for sentencing in Richmond, Virginia on September 7, 2006. This count further states Sampson "did submit a written Financial Affidavit in support of a request for a court-

appointed attorney for a case in the Eastern District of Virginia." While the Defendant was first appointed an attorney in Atlanta, Georgia for his initial appearance, he was subsequently appointed an attorney in Richmond, Virginia based on the affidavit.

Count Two begins, on "May 13, 2005, in the Eastern District of Virginia and elsewhere, and within the jurisdiction of this Court [Sampson] knowingly and willfully made and presented to the United States District Court for the Eastern District of Virginia a Financial Affidavit to request a court-appointed attorney." Technically, the affidavit was not presented to the Eastern District of Virginia until May 23, 2005, when this Court received the Rule 5(c)(3) documents from the Northern District of Georgia. The variance between what is stated in the indictment and the facts in the record is not a fatal flaw, however. Fed. R. Crim. P. 52(a) requires this Court to disregard a variance if it does not affect the substantial rights of the Defendant. United States v. Quicksey, 525 F.2d 337, 341 (4th Cir. 1975). The test of substantiality is found in Berger v. United States, which requires:

> (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense.

295 U.S. 78 (1935).

Counts One and Two are sufficiently clear to inform Defendant of the charges against him. The indictment informs Sampson that the alleged false declaration and claim made at his initial appearance in Atlanta were related to the parent proceeding and were presented to this Court in Richmond. Defendant is fully apprised of the charges against him, and can adequately prepare a defense without being surprised. Accordingly, Counts One and Two of the superseding indictment properly state offenses and invoke this Court's jurisdiction. Defendant's Motion to Dismiss Counts One and Two is hereby DENIED.

**Motion for a Bill of Particulars**

In addition to the Motion to Dismiss Counts One and Two, Defendant filed Motion for a Bill of Particulars pursuant to Fed. R. Crim. P. 7(f). Specifically, Count Three of the indictment charges Defendant with mail fraud, alleging that from "November 2004 and continuing to in or about December 2004," Defendant committed mail fraud by delivering fraudulent documents relating to a 2004 Yukon Denali through DHL Express Delivery Service.

The purpose of a bill of particulars "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985). Whether to grant a bill of particulars is a matter within the sound discretion of the trial court. United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir. 1985). The test in ruling on such a motion is whether deprivation of the information sought will render the defendant subject to unfair surprise. See United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996). In the case of fraud or perjury, it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, and the fraudulent statements within the documents. See United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (holding the trial court erred in failing to require government to specify documents which were falsified pursuant to request for bill of particulars).

Count Three of the indictment fails to state which specific documents were fraudulent, and what was allegedly fraudulent about the documents at issue. Defendant must also be put on notice as to the specific dates of the allegations, the documents, and what the false statements were within the documents. Consequently, the Government must provide a bill of particulars to inform the Defendant of the specific

allegations so that he may more appropriately defend the charges.  Defendant's Motion for a Bill of Particulars for Count Three is hereby GRANTED.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Counts One and Two is hereby DENIED.  Defendant's Motion for a Bill of Particulars for Count Three is hereby GRANTED.  An appropriate Order shall issue.

    /s/   James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this ___17th__ day of August 2006